George TURNER et al., Appellants,

v.

Beatrice JACKSON et al., Appellees.

No. 3142.

Court of Civil Appeals of Texas.

Eastland.

Nov. 19, 1954.

Rehearing Denied Dec. 17, 1954.

Archer & Overshiner, Abilene, for appellants.

Dan Abbott, Abilene, for appellees.

LONG, Justice.

George Turner and the other heirs of Hattie Savage Turner filed a suit in the County Court of Taylor County, Cause No. 4343, contesting the will of said Hattie Savage Turner, executed in 1925, alleging as grounds therefor that the deceased executed a will in 1940 whereby she revoked the will executed in 1925. The County Court entered the following judgment in said Cause No. 4343:

"This the 19th day of June, 1951, in the above entitled and numbered cause, wherein George Turner, Ida Robinson, Rosa Minor, joined by her husband, Will Minor, Henretta Scott, Joe Nichols, George Nichols, Beulah Sanders, joined by her husband, L. S. Sanders, are Plaintiffs, and contestants of the will of Hattie Savage Turner, deceased; and Dallas Scarborough, independent executor of said will, and Anne Nichols Young and Harry Nichols, Defendants, who were duly served with process, but failed at all times heretofore to appear, and wholly made default, and submitted the matters in controversy, as well as of fact and as of law to the Court, without the intervention of jury, same having been waived, and the pleadings and the evidence and the argument of counsel having been heard and fully understood, it is the opinion of the Court that Plaintiff, contestants herein, take nothing by their suit and that the Defendant, Dallas Scarborough, independent executor, go hence with his costs, and it is accordingly so ordered, adjudged and decreed by the Court.

"To which action of the Court, the Plaintiffs, by their attorney in open court, duly excepted and gave notice of appeal to the 104th District Court of Taylor County, Texas. Appeal bond for Plaintiffs is hereby set at $100.00."

When this case reached the District Court of Taylor County on appeal, that court sustained a plea in abatement filed by the proponents of the will on the ground the

District Court had no jurisdiction of the appeal for the reason that the contestants introduced no evidence in the County Court in support of their claim that Hattie Savage Turner had executed a subsequent will, thereby revoking the will·theretofore admitted to probate. From the ·judgment sustaining the·plea in abatement, contestants appealed to this court. We affirmed the·judgment of the trial court. See Turner v. Jackson, Tex.Civ.App., 256 S.W.2d 127 (Writ Ref.). Thereafter, on November 29, 1953, contestants, George Turner et al., instituted Cause No. 4955 in the County Court of Taylor County, seeking to set aside the will of Hattie Savage Turner executed in 1925 alleging the execution of a subsequent will and being the identical grounds alleged in Cause No. 4343. The County Court entered judgment for contestants from which an appeal was taken to the District Court of Taylor County by proponents. In the District Court proponents filed a plea in bar and motion to dismiss and as grounds therefor, alleged that the judgment rendered by the County Court on June 19, 1951 in Cause No. 4343, is a complete bar to the cause of action alleged in Cause No. 4955. The trial court sustained said plea in bar and dismissed the case. From this judgment, contestants have appealed.

■■■ It is the settled law of this State that a question of. fact distinctly put in issue and directly determined by a court of competent jurisdiction as a· ground of .recovery cannot be disputed in a subsequent suit between the same parties or their privies. 26 Tex.Jur., page 11, Sec. 353; 6 Tex.Jur.Supp., pages 602, 603. This principle of law is applicable here. In the first suit filed by contestants in Cause No. 4343, the ground upon which contestants sought to set aside the will and the probate proceedings thereon was that Hattie Savage Turner had executed ·a subsequent will thereby revoking the will executed in 1925. This was an issue of fact which was determined adversely to contestants in said cause. This judgment became final when this cause was affirmed by this Court and

writ of error was refused by our Supreme Court. Thereafter, the same parties as contestants filed the present suit against the same parties as proponents of the will and alleged the same grounds for setting aside the will that had been theretofore alleged in Cause No. 4343. Consequently, the judgment of the trial court sustaining the plea in bar to this case was properly entered. The only issue of fact between the parties was whether Hattie Savage Turner had revoked the will of 1925. This having been determined in the first case, the judgment so determining said fact forever barred any further prosecution of this alleged cause of action. Appellants take the position that this court, in Turner v. Jackson, supra, having held that contestants had abandoned their cause of action in the County Court that they now stand in the same position as if they had taken a nonsuit in said court and that the judgment rendered in that court is not final and not a bar to this case. We cannot agree with this contention. It is true that this court did hold that appellants having failed to introduce evidence in the County Court had abandoned their cause of action and that, therefore, an appeal from said judgment to the District Court would not lie. In other words, we held the District Court had no jurisdiction of said appeal. But, be that as it may, if appellants had taken a nonsuit in the County Court and if the court had entered a take nothing judgment against appellants, as was done, then such judgment would be a bar to any subsequent suit between the same parties on the same cause of action. It will be noted that the judgment in the County Court in Cause No. 4343 recites that "all matters in controversy were submitted to the court and that contestants herein take nothing by their suit." This is similar to the judgment in Stark v. Hardy, 29 S.W.2d 967, 969, wherein the Commission of Appeals held that the judgment entered was conclusive and a bar to a subsequent suit involving the same parties and issues. In that case the parties did take a nonsuit but the judgment was "that the plaintiffs * * * take nothing by their , * * * suit." We have

carefully considered this point and it is our considered opinion that the judgment in Cause No. 4343 was a complete bar to the cause of action alleged in the subsequent suit and that the trial court properly sustained the plea in bar.

The judgment of the trial court is affirmed.