**Mrs. Harold NELSON et al., Appellants,**

v.

**COMAL COUNTY RURAL HIGH SCHOOL DIST. NO. 705 et al., Appellees.**

**No. 10551.**

Court of Civil Appeals of Texas.

Austin.

March 5, 1958.

Rehearing Denied March 26, 1958.

Ronald Smallwood, San Antonio, Warren W. Bennett, New Braunfels, Wallace T. Barber, San Marcos, for appellants.

H. A. Triesch, New Braunfels, for appellees.

GRAY, Justice.

Appellants, as resident taxpayers and school patrons of Rural High School District No. 705 of Comal County, individually and as representatives of all persons similarly situated brought this suit against said District No. 705, its president, its board of trustees, the county school superintendent and board of county school trustees of Comal County and the various boards of trustees of school districts composing said District No. 705. The suit was against such parties individually and in their official capacities.

Appellants alleged that on September 17, 1956, the purported board of county school trustees of Comal County purporting to act under Arts. 2922a, 2922c and 2922d, Vernon's Ann.Civ.St., ordered an election to be held within several named school districts to be affected. The purpose of the election was to determine whether a majority of the qualified voters of the districts favored the grouping of said districts for the purpose of forming a rural high school district.

It was alleged that: the election was held October 13, 1956; a majority of the votes cast voted in favor of the issue submitted; the result of the election was declared, and the creation of District No. 705 was announced. It was further alleged that the said board of county school trustees appointed nine members to serve as the first board of trustees for District 705; that on April 6, 1957, at an election held for that purpose seven members were elected to serve as the board of trustees of said district; that on March 16, 1957, an election was held in said district whereat the propositions for and against levying a maintenance tax and the propositions for and against the issuance of bonds and levying a tax to pay therefor were submitted; that a majority of the votes cast were for the propositions; and that the trustees appointed and elected for said district have and will continue to make contracts for said District No. 705.

Appellants alleged that the county trustees and the trustees of District 705 acted without legal authority. They prayed for a judgment setting aside the order establishing District No. 705, cancelling all acts done by the trustees of said district, enjoining said trustees from performing any act as such trustees, and declaring the territory composing District No. 705 to be parts of the school districts as they existed prior to the creation of said District.

Appellants' original petition was filed June 24, 1957, that being the 45th day after the effective date of an Act of the 55th Legislature validating school districts but providing that it should not apply to districts then involved, or which may within 45 days of the effective date of the Act become involved, in litigation in any district court of the State. Acts 1957, 55th Leg., Regular Session, Ch. 214, Vernon's Ann.Civ.St. art. 2815g–51.

The defendants answered and by plea in abatement and special exceptions they challenged the right of appellants to maintain the suit on the ground that only the State could do so by quo warranto.

Appellants filed their first amended original petition August 21, 1957, and on this pleading a trial was had on August 22, 1957. On September 5, 1957, a judgment sustaining the plea in abatement and special exceptions and dismissing the suit was signed. No fact issues were tried and there is no statement of facts. Further there were no exhibits attached to the pleadings.

On September 20, 1957, appellants filed their motion for new trial.

Thereafter on October 4, 1957, Honorable Alton J. Luckett was elected and qualified as Special Judge of the 22nd Judicial District for Comal County. The following proceedings were had before him.

Appellants' motion for new trial was overruled October 4, 1957, and on that date they filed their motion for leave to file their second amended original petition and at-

tached the petition to the motion. The motion was denied. On the same date the State acting by the district attorney of the 22nd Judicial District asked leave to intervene and to file an information in the nature of quo warranto. The State adopted the allegations contained in appellants' tendered second amended original petition. On the same day the State's motion was overruled.

The transcript was filed in this Court November 4, 1957.

In Bowen v. Board of School Trustees of Panola County, Tex.Civ.App., 16 S.W.2d 424, 425, it is said that:

"The proper remedy for testing the validity of a corporate organization, or the right of de facto officers to assume and exercise official functions, is by a quo warranto proceeding in the name of the state. Article 6253, Rev. Civ.Stat.1925; Brennan v. City of Weatherford, 53 Tex. 330, 37 Am.Rep. 758; Caraway v. Romberg (Tex.Civ. App.) 247 S.W. 909; Terrell et al v. Clifton Independent School Dist. (Tex. Civ.App.) 5 S.W.2d 808; City of Houston v. Little (Tex.Civ.App.) 244 S.W. [247] 255. A rural high school district is a subdivision of the state, and, in some respects, a municipal corporation. The trustees of such a district are endowed with some governmental functions. As said by Mr. Cooley in his work on Constitutional Limitations, p. 363 (7th Ed.): 'The questions are generally questions between the corporators and the state, with which private individuals are supposed to have no concern. In proceedings where the question whether a corporation exists or not arises collaterally the courts will not permit its corporate character to be questioned if it appears to be acting under color of law and recognized by the state as such. Such a question should be raised by the state itself by quo warranto or other direct proceeding.' "

On October 4, when the State asked and was denied leave to intervene, the trial court had jurisdiction over its judgment since 30 days had not elapsed since its rendition. Rule 329-b, Sec. 5, Texas Rules of Civil Procedure. By its action the State became a party to the cause and authorized to appeal from an adverse final judgment. Sun Pipe Line Co. v. Wood, Tex.Civ.App., 129 S.W.2d 704. Gibson v. Richter, Tex. Civ.App., 97 S.W.2d 351, 32 Tex.Jur., p. 85, Sec. 54.

By intervention the State undertook, by quo warranto, to test the validity of District 705. Bowen v. Board of School Trustees, supra, sustains its right to do so.

Rule 60, Texas Rules of Civil Procedure, provides:

"Any party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party; and such intervenor shall, in accordance with Rule 72, notify the opposite party or his attorney of the filing of such pleadings within five days from the filing of same."

For a discussion of the procedure under Rule 60 see McDonald, Texas Civil Practice, Vol. 1, p. 311, Sec. 350.

There had been no trial on the merits and, of course, no judgment on the merits had been rendered. The only judgment rendered was a dismissal after sustaining a plea in abatement and special exceptions which complained that the cause of action alleged by appellants could not be maintained by them but only the State in a quo warranto proceeding could attack the validity of District 705, or that the validity of the district could be attacked only in a proceeding to which the State was a party. In Smalley v. Taylor, 33 Tex. 668, 669, the rule is stated to be:

"That a third party may intervene in a suit between others to protect his own rights, has become a settled principle of practice in this state, there can be no doubt, and that in doing so he may set.

up an interest in the subject matter **at** issue adversely to the plaintiff or defendant; and it is believed to be immaterial when that interest is pleaded, so that it be done before the final submission of the cause, provided it does not delay the principal suit to the prejudice of others. Eccles v. Hill, 13 Tex. 65, 67, and Burditt v. Glasscock, 25 Tex. Supp. 45."

The above rule is cited with approval in: Zucht v. Jorrie, Tex.Civ.App., 294 S.W. 687; Schnick v. Morris, Tex.Civ.App., 24 S.W.2d 491, 498. Er. ref. Lamb v. Bonds & Dillard Drilling Corporation, Tex.Civ. App., 107 S.W.2d 500, 504.

Appellees made no motion in the trial court to strike the intervention but in their brief they say that the State was properly denied leave to intervene because the suit was dismissed September 5, 1957, to which order of dismissal no exceptions were taken and no notice of appeal was given, and that at that time the district had been validated by Acts of the 55th Legislature supra.

The State was not a party to the cause on September 5, and therefore was not called upon to except to the judgment of that date. It did except to and give notice of appeal from the order of October 4 of which order it here complains. The provisions of the Act of the 55th Legislature make the Act inapplicable to districts involved in litigation within 45 days from May 10, 1957. District 705 became involved in litigation on June 24, 1957.

Appellees do not say that any element of surprise, delay or prejudice would have resulted to them by the State's intervention.

Appellees were familiar with the substance of the pleadings adopted by the State and with the proposition that the State was the proper party to attack the validity of the district. On the other hand they seek, without a trial and by upholding the trial court's order, to gain the advantage as against the State of the benefits of the Act of the 55th Legislature supra.

The State should have been permitted to protect such rights as it had in the subject matter of the suit. Mussina v. Goldthwaite, 34 Tex. 125, 126, 131.

It is apparent that the trial court dismissed the cause for the reason that the State was not a party. Then when the State asked leave to intervene and become a party, at a time when the trial court was still vested with jurisdiction to set aside its judgment and proceed to trial, the right to intervene was denied.

It is our opinion that the order dismissing the cause and denying the State leave to intervene should be and the same is set aside.

Since the State is a party to this suit it is unnecessary for us to determine whether the other appellants could maintain this suit without the presence of the State. The State may proceed on the relation of interested parties. See 34 Tex.Jur. p. 856.

This cause is remanded for trial on the State's intervention.

Reversed and remanded.