**Domingo R. Pompa BENAVIDES et ux., Appellants,**

**v.**

**Georgie HARRISON et vir, Appellees.**

**No. 13569.**

Court of Civil Appeals of Texas.

San Antonio.

Jan. 13, 1960.

James Haynes, Jr., Laredo, for appellant.

L. B. Cooper, Cotulla, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Georgie Harrison and her husband, Temple Harrison, of La Salle County, Texas, against Domingo R. Pompa Benavides and his wife, Concepcion Arrendondo de Benavides, of Monterrey, Mexico, seeking to recover damages arising out of a collision between an automobile driven by Mrs. Harrison and one driven by Mrs. Benavides on U. S. Highway 81, about one mile south of the city limits of Cotulla, Texas. The trial was before the court without the intervention of a jury and resulted in judgment in favor of the Harrisons against the defendants in the sum of $3,500, and a further judgment against the defendants and the sureties on their replevy bond in the sum of $2,500. The defendants have prosecuted this appeal.

■ Appellants' first point is that the court erred in introducing a certified copy of the judgment in Cause No. 4094, styled Edward R. Talbott et al. v. Domingo R. Pompa Benavides and Concepcion Arrendondo de Benavides, in the United States District Court for the Northern District of Texas, Fort Worth Division. It appears that Benavides had the Harrisons made parties to that suit, and had sought to place the responsibility for the wreck upon the Harrisons. That suit involved this same collision in La Salle County, but originated as a suit by Edward R. Talbott against Benavides and his wife, seeking to recover his damages occasioned by the collision. The trial resulted in judgment decreeing in part as follows:

"The Court finds that Georgie Harrison was not guilty of negligence in any particular on the occasion in question, and it is therefore Ordered, Adjudged and Decreed by the Court that Domingo R. Pompa Benavides and Concepcion Arrendondo de Benavides take nothing against Georgie Harrison and Temple Harrison on their third party complaint."

■ All the parties involved in this case having been parties to the Fort Worth case, and it having been decided therein that the Harrisons were not guilty of negligence proximately causing the collision, a judgment reciting those facts was admissible in the trial of this case. Allstate Insurance Co. v. Brown, Tex.Civ.App., 289 S.W.2d 300; Byrd v. Travelers Ins. Co., Tex.Civ.App., 275 S.W.2d 861; Turner v. Jackson, Tex.Civ.App., 273 S.W.2d 641; Chandler v. City of Corpus Christi, Tex. Civ.App., 272 S.W.2d 646; Gareis v. Gordon, Tex.Civ.App., 243 S.W.2d 259; Connellee v. Drake, 4 Willson, Civ.Cas.Ct.App. § 98, 16 S.W. 175; 26 Tex.Jur. 11, § 353; 6 Tex.Jur.Supp., 602, 603. However, if we should be mistaken in holding that the judgment of the Fort Worth case was admissible in evidence, nevertheless, this being a trial before the court without the intervention of a jury, and there being other evidence to support the judgment, it will be presumed that if the judgment was inadmissible it was not considered by the trial court, and therefore any error in admitting it would be harmless. Rule 434, Texas Rules of Civil Procedure.

■ Appellants' next contention is that the court erred in admitting, over its objection, the testimony of Edward R. Talbott as to the speed of the Benavides automobile at the time of the collision. We overrule this contention. Talbott had been riding in automobiles for a period of thirty-eight or thirty-nine years. He first saw the Benavides car about a quarter of a mile away. It took the Benavides car about eight or ten seconds from the time he saw it before it hit the Harrison car. The car in which Talbott was riding was going around sixty miles per hour when the Benavides car passed it. Under all the circumstances the witness was sufficiently qualified to express his opinion as to the speed of the Benavides car.

Appellants' third point is without merit and is overruled.

The judgment is affirmed.