**SPORTS SPECIALTIES, INC., et al., Appellants,**

v.

**JAMES TALCOTT WESTERN, INC., Appellee.**

No. 4309.

Court of Civil Appeals of Texas.

Waco.

April 1, 1965.

Howard M. Wayland, Houston, for appellants.

Ross, Banks, May & Cron, John A. Cavin, Houston, for appellee.

TIREY, Justice.

This is an appeal by defendants, Linus F. Hardin and Marvin DeWoody from an order overruling their plea of privilege to be sued in Harris County, Texas, the county of their residence. The case is before us on stipulations. We quote the stipulations:

" * * * The subject matter of this case, Cause No. 16,625, James Talcott Western, Inc., vs. Sports Specialties, Inc., et al., was originally filed in Harris County, Texas, under Cause No. 611,318, styled in that case, James Talcott Western, Inc., v. Sports Specialties, Inc., et al., in the District Court, Harris County, Texas, 113 Judicial District. In the above numbered case in Harris County, Texas, the following were parties to the suit: James Talcott Western, Inc. was

plaintiff, complaining of defendants Sports Specialties, Inc., Parker-Astin, Inc., Marvin DeWoody and Linus F. Hardin. In the suit pending in Harris County Texas under the above number Parker-Astin filed a Plea of Privilege asking removal of the case to Bryan, Texas. The Plea of Privilege was not controverted.

"On September 20, 1963, Judge Tunks of the 113 Judicial District Court of Harris County, Texas, entered an Order in No. 611,318, granting the Plea of Privilege of Parker-Astin, Inc., and severing the cases of Sports Specialties, Inc., Linus F. Hardin and Marvin DeWoody, which cases were left pending at that time in that cause. Subsequent to said Order the Parker-Astin suit was removed to Brazos County, Texas, and filed in this Court under Cause No. 16,625, styled James Talcott Western, Inc., vs. Sports Specialties, Inc., et al, on September 21, 1963.

"Subsequent to the transfer of the suit to Brazos County, Texas, in Cause No. 16,625, Linus F. Hardin and Marvin DeWoody were made a party to Cause No. 16,625, in Brazos County, Texas. Service was accepted by their attorney of Record in Harris County, Texas, Howard Wayland, and a Plea of Privilege was duly filed.

\* \* \* \* \* \*

"Sports Specialties, Inc. was not made a party to the suit pending in Brazos County, Texas, under Cause No. 16,625."

(Counsel stated in oral argument that the foregoing corporation had become defunct).

"Cause No. 611,318, pending in the 113th Judicial District Court of Harris County, Texas, remained on the docket with identical parties until October 26, 1964, when an application was filed by James Talcott Western, Inc., to dis-

miss their action. Said Order was granted, Linus F. Hardin, Marvin De-Woody and Sports Specialties, Inc. having a cross action filed against James Talcott Western, Inc; the case is still pending on the cross action, but leave was granted to James Talcott Western, Inc. to withdraw their suit without prejudice.

\* \* \* \* \* \*

"It is agreed that Sports Specialties, Inc. entered into a contract, your Honor, we did stipulate this only for the purpose of this hearing,—Sports Specialties, Inc. entered into a contract with the plaintiff, James Talcott Western, covering the factor of accounts receivable, which contracts are attached to plaintiff's First Amended Original Petition. Marvin DeWoody and Linus F. Hardin guaranteed the contracts of Sports Specialties, Inc.

"Sports Specialties, Inc. assigned its accounts receivable against Parker-Astin to plaintiff, and warranted the sale to have been final and unconditional.

"Parker-Astin denies the indebtedness, and alleges either a guaranteed sale, or a sale on consignment.

"Plaintiff, James Talcott Western, brought suit against Parker-Astin, Sports Specialties, Inc., Marvin De-Woody and Linus F. Hardin in Harris County, Texas."

In the Order we find this recital:

"And it being stipulated between the parties that Parker-Astin, Inc. is domiciled and resides in Brazos County, Texas; and it being stipulated between the parties that Linus F. Hardin and Marvin DeWoody are residents of Harris County, Texas. It is the opinion of the Court that Linus F. Hardin and Marvin DeWoody are necessary parties to the suit of plaintiff against Parker-Astin, Inc., and venue properly lies in Brazos County under Article 1995 of the Revised Civil Statues of Texas, Sub-divisions 4 and 29a. And it is further the opinion of the Court that the Plea of Privilege of Linus F. Hardin and Marvin DeWoody should be overruled and the Controverting Plea of the Plaintiff herein should be sustained."

And decreed accordingly.

Defendants perfected their appeal to this court. The order is assailed on two points. They are:

The Court erred:

(1) "\* \* \* in failing to conclude that the matter of necessary parties and of venue, had been adjudicated by the 113th Judicial District Court of Harris County, Texas.

(2) "\* \* \* in concluding that venue is proper in Brazos County, Texas, after appellee waived any such venue rights in said county, by filing suit in Harris County, Texas."

We overrule each of the above points for reasons hereinafter briefly stated.

As we understand appellants' brief and their counsel's oral argument it is to the effect that since Judge Tunks of the 113th District Court, in Cause No. 611,318, sustained the plea of privilege of Parker-Astin, Inc., to be sued in Brazos County, and because the order further recited that the cause is severable as to parties defendant, and particularly as to Parker-Astin, Inc., and severed the action as to Parker-Astin, Inc., and decreed that the venue of the cause as to Parker-Astin, Inc., should be transferred to the District Court of Brazos County, and decreed accordingly, and that since Judge Tunks thereafter, on the 26th day of October 1964 granted the plaintiff's motion to dismiss its action without prejudice, and tax all costs against the plaintiff, and since the cross-defendants, Hardin and DeWoody, moved the Court to continue

their cross-action on the docket, and since the court did so decree, that the effect thereof was to adjudicate the question of venue and necessary parties as to the defendants here on appeal. We are not in accord with this view because the question of venue and necessary parties as to Hardin and De-Woody was not tendered for the Court to decide, and was not res judicata of these defendants' plea of privilege in this cause. In Rosenfield v. Childs, Tex.Civ.App., 304 S.W.2d 391, the court said:

"An essential element of res judicata plea is that a question of fact or of law has been distinctly put in issue and directly determined by a court of competent jurisdiction."

Citing State of Oklahoma v. State of Texas, 256 U.S. 70, 41 S.Ct. 420, 65 L.Ed. 831; Stephenson v. Miller-Link Lbr. Co. (Tex. Com.App.), 277 S.W. 1039; Turner v. Jackson, Tex.Civ.App., 273 S.W.2d 641 (n. r. e.). The only question before the District Court of Harris County as to venue at the time the orders were entered was the right of Parker-Astin, Inc., to be sued in Brazos County.

█ The appellants contend in effect in their Point 2 that the Court erred in holding that venue was proper in Brazos County because appellee waived any such venue rights in Brazos County because it had previously filed suit in the District Court of Harris County, Texas. We are not in accord with this view. The District Court of Harris County, at the request of plaintiff, dismissed plaintiff's cause of action asserted in Harris County. Thereafter plaintiff filed its first amended original petition in the District Court of Brazos County, and in this pleading it made Linus F. Hardin and Marvin DeWoody parties defendant, and alleged that they had guaranteed in writing the performance of all contracts and agreements of Sports Specialties, Inc., including the itemized account against Parker-Astin, Inc., and by reason thereof they were obligated to pay the sum of $2540.00 because of their written guaranty. Hardin and De-

Woody filed their joint plea of privilege to be sued in Harris County, the county of their residence. Such plea was controverted by plaintiff, in which it alleged the liability of such defendants to plaintiff, and further alleged that such defendants were necessary parties by reason of their written guaranties, and inasmuch as the suit was brought against several defendants, one of whom resides in Brazos County, that venue is properly laid in Brazos County under Subdivision four (4) of Article 1995, Vernon's Ann.Tex.Civ.St. The Court overruled their plea of privilege because of the provisions of Subdivisions 4 and 29a of Article 1995, aforesaid. (The Court's holding in this last instance is not assailed).

We have carefully examined the record and we find nothing in the record to sustain appellants' contention that the plaintiff waived its right to maintain its suit against all necessary parties in Brazos County. We have also examined the opinion of the Eastland Court in Winter v. Hamilton, Tex. Civ.App., 214 S.W.2d 330, and we are of the view that the pronouncements there stated are not applicable to the situation here, and each of appellants' contentions are overruled and the judgment of the Trial Court is Affirmed.