**Margie GRAVES et al., Appellants,**

**v.**

**The CITY OF DALLAS et al., Appellees.**

**No. 18706.**

Court of Civil Appeals of Texas, Dallas.

Dec. 4, 1975.

Rehearing Denied Dec. 31, 1975.

Michael M. Daniel, Dallas Legal Services Foundation, Dallas, for appellants.

Alex Bickley, City Atty., Joseph G. Werner, Asst. City Atty., Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

Margie Graves and four other citizens of the City of Dallas brought this action against the City of Dallas, the City Council, the individual council members, the City Manager, the Civil Service Board of Dallas and the individual board members seeking a writ of mandamus requiring the Civil Service Board to accept and process written charges of misconduct against police officers pursuant to the provisions of chapter XVI, section 15 of the Charter of the City of Dallas. In the alternative, plaintiffs sought a declaratory judgment to interpret and construe chapter XVI, section 15 of the Dallas City Charter with reference to whether it is in conflict with chapter XII, section 4 of the Dallas City Charter or with Tex.Rev.Civ.Stat.Ann. art. 6252–20 (Vernon 1970). The district court rendered judgment denying the writ of mandamus and refusing plaintiffs' request for declaratory judgment. We reverse and render.

Appellants contend that the trial court erred, as a matter of law, in not granting a writ of mandamus against the Civil Service Board based upon the provisions of chapter XVI, section 15 of the Charter of the City of Dallas, which provides:

Three (3) or more citizens of this city shall have the right to prefer written charges of misconduct before the civil service board against any officer or employee in the classified service list. The accused shall be given a reasonable notice to appear before the board and explain such charges. If the board is of the opinion that the said charges are meritorious, then it shall be the duty of the said board to file charges as preferred against such officer or employee by the said citizens with the trial board; and, if demanded by the said citizens a trial of the accused upon said charges shall be had, as in other cases of trials before said board, and the judgment of said trial board shall be final in all such matters.

The facts are stipulated. On or about March 4, 1974, appellants presented written charges of misconduct to the Civil Service Board against certain officers of the Dallas Police Department. The Civil Service Board accepted the written charges as properly filed. On or about April 2, 1974, the Civil Service Board reversed its previous decision and returned the written charges to appellants stating that it was acting on the advice of the City Attorney. The Civil Service Board continues to refuse to accept the charges and to determine whether they are meritorious. On June 10, 1974, appellants requested that the Dallas City Council order the Civil Service Board to accept the written charges of misconduct. The Council referred the request to its Public Safety Committee; that committee refused to order the Civil Service Board to accept the charges. This suit was then filed, and the

case was submitted to the trial court on the facts set forth above.

The issue is whether appellants, as citizens of the City of Dallas, have the right to compel the Civil Service Board to accept complaints against police officers and to determine whether the charges are meritorious. We need not consider whether the complaints brought by appellants have merit.

█ In appropriate cases mandamus may lie to compel action by administrative boards, including civil service commissions. However, this equitable remedy is not available where there is any other adequate remedy. *Hogue v. Baker,* 92 Tex. 58, 61, 45 S.W. 1004 (1898); *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 829 (1961). Relying upon this rule, appellees argue that the City of Dallas has established other procedures adequate for accepting, processing, investigating and acting upon complaints against police officers and that the Civil Service Board does not have the duty or the authority to accept and process appellants' complaints of misconduct. They argue specifically that appellants had the alternative remedy of prosecuting the police officers for, among other things, assault and battery, false arrest, murder, criminal negligence, homicide, terroristic threats, and excessive use of force. In addition, appellees contend that the Charter of the City of Dallas describes, in chapter III, sections 12 and 18, an administrative remedy. We do not agree. These sections of the City Charter vest investigative powers in the City Council and the City Manager to inquire into the conduct and affairs of any department or office of the City. The only relief sought by appellants is that the Civil Service Board be compelled to file the complaints and to determine the merits thereof. None of the alternative remedies proposed by appellees would result in appellants receiving the specific relief they request. A writ of mandamus is, therefore, a proper remedy to require the Civil Service Board to perform its purely ministerial duty. *City Commission v. Whatley,* 366 S.W.2d 620, 622

(Tex.Civ.App.—Amarillo 1963, no writ); *Kelly v. Industrial Accident Board,* 358 S.W.2d 874, 878 (Tex.Civ.App.—Austin 1962, writ ref'd).

█ Appellees' contention that the Civil Service Board does not have the duty or the authority to process complaints of misconduct against police officers is without merit. The parties have stipulated that chapter XVI, section 15 has been used by citizens to bring charges of misconduct against police officers in the past, and appellees' original answer admits that the accepting of written complaints against police officers is a discretionary function of the Civil Service Board. Furthermore, the language of section 15 that "citizens of this city *shall have the right* to prefer written charges" is mandatory. [Emphasis added.] This language clearly creates a duty on the part of the Civil Service Board to receive written charges and to exercise the discretion which it has under this section of the City Charter. Of course, we do not direct how that discretion should be exercised.

█ Appellees argue, finally, that chapter XVI, section 15 of the City Charter conflicts with Tex.Rev.Civ.Stat.Ann. art. 6252–20 (Vernon 1970) because by virtue of article 6252–20 complaints against police officers may be made only to the Chief of Police. Since section 15 allows complaints be made to one other than the Chief of Police, appellees argue that it is contrary to state law and, therefore, is void. Article 6252–20 states:

In order that a complaint against a law enforcement officer of the State of Texas, including but not limited to officers of the Department of Public Safety and the Liquor Control Board, or against a fireman or policeman may be considered by the head of a state agency or by a chief or head of a fire department or police department . . . the complaint must be placed in writing and signed by the person making the complaint. A copy of the signed complaint must be

presented to the affected officer or employee within a reasonable amount of time after the complaint is filed and before any disciplinary action may be taken against the affected employee.

We do not find article 6252–20 to be in conflict in any respect with the provisions of the Charter of the City of Dallas. This article does not state or imply that a complaint to the Chief of Police is the sole avenue by which a complaint against a police officer may be processed.

■ Appellees' contention that the Charter provisions of chapter III, section 15 and chapter XII, section 4 conflict with the authority vested in the Civil Service Board pursuant to chapter XVI, section 15 is likewise without merit. An examination of chapter XII, section 4 reveals that the Chief of Police is given the exclusive right to suspend police officers and that an officer may appeal the suspension to the City Manager and ultimately to a trial board or hearing officer. Chapter III, section 15 expressly recognizes the right of the City Council and its committees to inquire into matters of appointment and removal from employment and denies the Council only the right to dictate appointments or removals by the City Manager. Chapter XVI, section 15 does not grant the Civil Service Board authority to suspend officers, but only vests in the Board the right and the duty to inquire into charges of misconduct to determine whether they merit further investigation. If the complaint is deemed meritorious, then the Board has the further duty to file charges with the trial board set up by other provisions of the Charter.

■ On the record before us, we hold that it was clearly the duty of the Civil Service Board to receive and accept the charges presented by appellants and to determine whether the charges were meritorious.

The judgment of the trial court is reversed and judgment is rendered that the Civil Service Board of the City of Dallas receive and file the complaints tendered by appellants against certain police officers of the City of Dallas and proceed to determine whether the charges are meritorious. We assume that the Civil Service Board will comply with this order, but if it does not, within ten days after this order becomes final, a writ of mandamus will issue to enforce compliance with this order.

Reversed and rendered.