**Fred BELL, Appellant,**

v.

**J. L. CRAIG et al., Appellees.**

No. 19235.

Court of Civil Appeals of Texas, Dallas.

Aug. 23, 1977.

Michael M. Daniel, Dallas Legal Services, Foundation, Inc., Dallas, for appellant.

Phil Burleson, Steve Sumner, Burleson, Bondies, Baldwin & Pate, Dallas, for appellees.

AKIN, Justice.

This is an appeal by Fred Bell, intervenor, from a temporary injunction granted plaintiffs, Dallas police officers, enjoining the city and its Civil Service Board from conducting hearings on complaints previously filed by Bell and two others against the officers. Bell filed his petition in intervention after counsel for the police officers and the city stipulated to certain facts in lieu of a hearing and before the city answered and the injunction issued. Plaintiffs filed a motion to strike the intervention, but failed to obtain a ruling from the court before the injunction issued. Bell appeals. We reverse the order of the trial court and dissolve the injunction because the injunction fails to comply with rule 683,[1] in that it fails to set forth with specificity the reasons for the injunction.

This controversy is a sequel to our decision in *Graves v. City of Dallas*, 532 S.W.2d 106 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.), in which we held that the City Charter required the Civil Service Board to receive citizen complaints against police officers and to determine whether the charges had merit. Subsequently, the charter was amended, and this provision was deleted. This suit was filed when the Civil Service Board scheduled hearings on the complaints as directed by the mandate of this court in *Graves*.

### Standing to Appeal

The police officers have filed a motion to dismiss the appeal, contending that Bell has no standing to appeal. In this respect, appellees assert that Bell is not a party entitled to bring this appeal because Bell has not properly intervened. They

---

1. All rule citations are to Tex.R.Civ.P.

contend that it is apparent from the record that the trial court did not allow Bell's intervention because Bell is not mentioned in the order granting the temporary injunction. It is clear from the petition in intervention that Bell was intervening in the temporary injunction proceedings as well as the suit on the merits. Appellees filed a motion to strike the intervention, but never obtained a ruling on the motion. Rule 60 provides that a "party may intervene, subject to being stricken out by the court for sufficient cause on the motion of the opposite party." Thus, the intervenor is not required to obtain the trial court's approval in order to intervene; the burden is on the party opposing the intervention to secure an order striking the petition in intervention. 1 R. McDonald, Texas Civil Practice, § 3.50 (rev. ed. 1965); see *McWilliams v. Snap-Pac Corp.*, 476 S.W.2d 941, 949 (Tex. Civ.App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). Since the petition in intervention was filed before the trial court entered its order granting the temporary injunction, it was, absent an order striking the intervention, sufficient to make Bell a party to the temporary injunction proceedings. *See Delley v. Unknown Stockholders of Brotherly and Sisterly Club of Christ, Inc.*, 509 S.W.2d 709, 717 (Tex.Civ.App.—Tyler 1974, writ ref'd n. r. e.); *Comal County Rural High School District v. Nelson*, 158 Tex. 564, 314 S.W.2d 956, 957, *rev'g*, 311 S.W.2d 500 (Tex.Civ.App.—Austin 1958).

■ The officers next argue that Bell cannot appeal from the granting of the temporary injunction since he was not enjoined from doing anything and is not, therefore, aggrieved by the judgment. We cannot agree. Although Bell was not personally enjoined, the injunction effectively prevents him from proceeding with his complaint. Consequently, he was adversely affected by the injunction. In *Giles v. Poole*, 239 S.W.2d 665, 668–69 (Tex.Civ.App.—Austin 1951) *writ dism'd as moot*, 151 Tex. 224, 248 S.W.2d 464 (1952), the court permitted the high bidder on a lease advertised by a state board to appeal from a temporary injunction preventing the board from issuing the lease, saying that since the high bidder was a party and was adversely af-

fected by the injunction, it could appeal even though not specifically enjoined. Similarly, rule 683 contemplates that one can be bound and, consequently, aggrieved by an injunction, even though not specifically named in the injunction. Accordingly, the police officers' motion to dismiss is overruled.

### Compliance with Rule 683

■ Bell argues that the trial court erred in granting the injunction since the order fails to set forth with specificity the reasons for the issuance of the injunction. We agree. Rule 683 provides that an injunction must set forth specifically the reasons why irreparable injury will ensue if the temporary injunction is not granted. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971). This order sets forth *no reasons* for its issuance. It merely recites that the facts have been stipulated and that only questions of law remain; it does not set out what facts were stipulated. In *Charter Medical Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ), this court held that an injunction setting forth conclusory statements of irreparable injury, rather than specific factual reasons, failed to comply with rule 683. Similarly, since this injunction fails to give any reason for its issuance as mandated by rule 683, we dissolve the injunction.

Injunction dissolved.