Louis WILSON, Appellant,

v.

Leon WILSON, Appellee.

No. 20437.

Court of Civil Appeals of Texas, Dallas.

May 19, 1980.

Noel C. Ice, II, Watson & Ice, Fort Worth, for appellant.

Hugh O. Mussina, Dallas, for appellee.

Before AKIN, ROBERTSON and STOREY, JJ.

ROBERTSON, Justice.

This is an appeal from an order overruling a plea of privilege. Appellee, Leon Wilson, filed this suit in Dallas County, Texas, against appellant, Louis Wilson, to set aside a trust agreement. Appellant filed a plea of privilege to have this suit transferred to Tarrant County, his county of domicile, contending that venue was determined when appellee, as intervenor in a prior suit against appellant on the same cause of action, took a nonsuit during the pendency of a plea of privilege filed by appellant in that prior suit. The trial court in the present suit determined that an exception existed to venue in appellant's county of domicile pursuant to section 7 of the general venue statute, Tex.Rev.Civ.Stat. Ann. art. 1995 (Vernon 1964), and rendered an order overruling the plea of privilege. We reverse the order of the trial court and order the suit transferred to Tarrant County.

In 1976 the guardian of the person and estate of Asie Lee Wilson filed a petition to

set aside a trust executed by Asie Lee Wilson, as trustor, to appellant, as trustee. Appellant filed his plea of privilege to be sued in Tarrant County, which was then controverted by the guardian. After the controverting affidavit was filed, but before any action was taken on the plea of privilege, appellee filed a plea of intervention and citation issued commanding appellant to appear and answer appellee's plea in intervention. Appellant's plea of privilege was never acted upon by the court, but the guardian subsequently moved for and was granted a nonsuit in that cause. Several months later appellee also was granted a nonsuit in that cause.

In January of 1978 appellee filed an original petition in this suit against appellant on the same cause of action in which he had previously taken a nonsuit. Both actions were suits to set aside the same trust instrument, and both suits based such action on the same grounds. Appellant duly filed his plea of privilege in the second suit, and appellee filed his controverting plea. At the hearing on the venue question, appellant contended that the taking of a nonsuit in the prior cause estopped appellee from raising the venue issue for a second time in a new suit on the same cause of action. Appellee contended that because the trial court never entered an order granting his plea in intervention, he never became a party to the prior suit.

■ The long-standing rule in Texas is that when a defendant files a plea of privilege and the plaintiff thereafter, but prior to a ruling on the plea, takes a nonsuit as to that defendant, the plaintiff thereby abandons his contest of the plea of privilege and effectively withdraws his controverting affidavit. *Tempelmeyer v. Blackburn*, 141 Tex. 600, 603, 175 S.W.2d 222, 223 (1943); *First National Bank v. Hannay*, 123 Tex. 203, 205, 67 S.W.2d 215 (1933). While in some instances this rule has been said to be based on the principle of res judicata, when no ruling is obtained on the plea prior to the nonsuit it is more properly held to be an admission of the merit of the defendant's plea of privilege that *estops* subsequent

claims to the contrary. *See Royal Petroleum Corp. v. McCallam*, 134 Tex. 543, 561, 135 S.W.2d 958, 967 (1940); *First National Bank v. Hannay*, 123 Tex. at 205, 67 S.W.2d at 215; *Joiner v. Stephens*, 457 S.W.2d 351, 352 (Tex.Civ.App.—El Paso 1970, no writ). In *Joiner* the court of civil appeals stated the policy behind the rule as follows: "[D]efendants are not to be subjected to repeated expense of pressing venue claims in successive actions by a plaintiff who, through abuse of the privilege of non-suit [sic], prevents a final adjudication upon the question." 457 S.W.2d at 352; *see* 1 R. McDonald, Texas Civil Practice § 4.62, at 630–31 (rev. 1965).

■ While appellant contends that this rule applies in the present case, appellee argues that the rule does not apply because his plea in intervention was not granted by the trial court in the prior suit, and thus, he never became a party to the plea of privilege proceeding. We conclude that the above stated rule does apply because appellee, as intervenor in the prior suit, was a party to that suit for all purposes and he was aligned opposite appellant. Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene, subject *to being stricken out* . . . ." Thus, unlike federal practice, *see* Fed.R.Civ.P. 24, Texas practice does not require a party to obtain permission of the court before intervening, 24 B. McElroy, Civil Pre-Trial Procedure §§ 495–97 (Texas Practice 1980); rather, once a plea in intervention is filed the intervenor becomes a party for all purposes, absent a ruling by the court striking the intervention. 1 R. McDonald, Texas Civil Practice § 3.48, at 398 (1965).

When filing such a plea the intervenor either joins "the plaintiff in claiming what is sought by the complaint or [unites] with the defendant in resisting the claims of the plaintiff, or [demands] something adversely to them both." *Id.* § 3.46, at 393–94. Appellee clearly was aligned with the plaintiff in the first suit because his plea of intervention requested that he be "substituted as the successor in interest of" the plaintiff. Additionally, the notification to "the oppo-

site party," as required by rule 60, was served on appellant. Appellee, through these actions, adopted as his own the positions and pleadings of the plaintiff, including the plaintiff's contest of appellant's plea of privilege. *See Bell v. Craig,* 555 S.W.2d 210, 212 (Tex.Civ.App.—Dallas 1977, no writ) (plea in intervention sufficient to make intervenor party to temporary injunction proceedings as well as suit on the merits). Consequently, when the trial court granted a nonsuit for appellee, the rule of law first quoted above came into operation, and appellee effectively abandoned his contest of appellant's plea of privilege. Thereafter, appellee was estopped to refile the same suit in any county other than that named in appellant's original plea of privilege.

Appellee refers us to *Sports Specialties, Inc. v. James Talcott Western, Inc.,* 389 S.W.2d 357 (Tex.Civ.App.—Waco 1965, no writ), which holds that when one of two defendants is granted his plea of privilege and the case as to that defendant only is transferred, the venue rights of the other defendant are not determined and he is not precluded from later filing his own plea of privilege. *Id.* at 360. Appellee argues that *Sports Specialties* stands for the proposition that the effect of a plea of privilege will not be extended to parties not participating in the plea of privilege proceeding. We need not decide whether this broad proposition is sound because appellee, as a party aligned opposite appellant in the prior suit, was a participant in the plea of privilege proceeding, and thus, even under the rule espoused by appellee, he would be bound by the outcome of the proceeding.

Appellee cites no authority in support of his other arguments, and we find no merit in them. Accordingly, we reverse the order of the trial court, which overruled appellant's plea of privilege, and order that this suit be transferred to Tarrant County.