**ELECTROLUX HOME CARE PRODUCTS, LTD.,**
Appellant,

v.

**INTERNATIONAL MANUFACTURING SOLUTIONS CORPORATION,**
Appellee.

No. 08–06–00080–CV.

Court of Appeals of Texas,
El Paso.

April 12, 2007.

Ken Slavin, Kemp Smith, P.C., El Paso, for Appellant.

David R. Pierce, The Law Office of David Pierce, El Paso, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

DAVID WELLINGTON CHEW, Chief Justice.

Appellant's motion for rehearing and amended motion for rehearing are hereby granted except as to costs. The opinion issued by this Court on March 15, 2007, is hereby withdrawn and the following is the opinion of this Court.

This is an accelerated interlocutory appeal from the granting of a temporary injunction in favor of Appellee International Manufacturing Solutions Corporation ("IMS"). In its sole issue, Appellant Electrolux Home Care Products, Ltd. ("Electrolux") argues the 34th District Court of El Paso County ("District Court") abused its discretion in granting a temporary injunction in favor of IMS enjoining the El Paso County Sheriff's Department and Electrolux from executing a judgment of possession granted in favor of Electrolux. We will dismiss as moot.

Pursuant to an "Asset Purchase Agreement," Electrolux leased property, loaned molds and equipment, and sold machinery to IMS so that IMS could produce certain parts used in Electrolux products. In September of 2005, Electrolux filed an original petition and application for a writ of sequestration in the District Court. Electrolux sought the return of tools and equipment loaned to IMS, damages associated with an alleged conversion of the property, and attorney's fees and costs. After a hearing, the District Court denied the requested relief and ordered the parties to mediate the dispute. Subsequent to the hearing on Electrolux's application for a writ of sequestration, IMS filed an original answer and counterclaim against Electrolux for breach of contract. Additionally, IMS filed amended pleadings seeking injunctive relief.

While this action was pending in the District Court, Electrolux gave notice to IMS of termination of the lease agreement.[1] On January 12, 2006, Electrolux gave notice to IMS to vacate the premises. Electrolux then brought a forcible detainer action in the Justice of the Peace Court, Precinct Number Five ("Justice Court") seeking a judgment of possession. In response, IMS filed a motion to quash citation and service. The Justice Court denied IMS's motion to quash service and citation and granted judgment in favor of Electrolux. IMS then perfected its appeal to the County Court at Law Number Six ("County Court").

In the County Court, IMS filed a motion to quash and plea to the jurisdiction seeking to have the Justice Court judgment reversed and remanded as a result of the defective service and citation.[2] IMS then

---

1. According to the testimony of Charles E. Kelly, director of materials and purchasing, at the hearing held on January 20, 2006, notice of termination of the lease agreement was given on September 19, 2005, and again on December 21, 2005.

2. IMS also filed an answer and affirmative defense.

filed an amended plea to the jurisdiction alleging the Justice Court's judgment was void because it never acquired personal jurisdiction over IMS. Electrolux filed its complaint for forcible detainer and subsequently moved for summary judgment. The County Court granted Electrolux's motion for summary judgment and entered a judgment for possession in favor of Electrolux. IMS then filed its notice of appeal of the judgment of possession granted in favor of Electrolux by the County Court. On April 4, 2006, the County Clerk issued a writ of possession for the property and the El Paso County Sheriff gave IMS notice to vacate the building.

Contemporaneously, the writ of sequestration, breach of contract, and application for injunctive relief actions were still pending in the District Court. The District Court held a hearing on both Electrolux's application for a writ of sequestration and IMS's request for injunctive relief.[3] The District Court held an additional hearing approximately three months later in order to again address IMS's request for injunctive relief.[4] As a result of that hearing, the District Court granted IMS's request for a temporary injunction. On April 6, 2006, the District court signed an order granting the injunction and ordered IMS to post bond in the amount of $16,000.

Specifically, the District Court's order prevented the El Paso County Sheriff's Department and Electrolux from "removing IMS's employees and/or equipment from the premises located at 9600 Pan American or to take any action that would result in the stoppage of IMS's business at

said premises for 60 days from the date or this order."[5] In addition, the temporary injunction prevented IMS from removing any molds or tools belonging to Electrolux from the premises until a further hearing. Electrolux then filed its notice of interlocutory appeal.

By this accelerated interlocutory appeal, Electrolux seeks to set aside the temporary injunction granted by the District Court. The injunction prohibited Electrolux from executing a judgment of possession granted in its favor by the Justice Court and by the County Court after an appeal of the Justice Court's decision by IMS. *See* Tex.Prop.Code Ann. § 24.004 (Vernon 2000).

▬ By its own terms, the injunction expired sixty days from the date of the District Court's order. The District Court entered the order on April 6, 2006, and the injunction expired on approximately June 5, 2006. When an injunction becomes inoperative due to passage of time or because it has expired, issues regarding its validity become moot. *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex.App.-El Paso 2001, no pet.), *citing National Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex.1999). Appellate courts are prohibited from reviewing an injunction that has become moot. *See id.*

▬ When an appeal becomes moot, we are required to dismiss the cause of action, not merely the appeal. *City of Garland v. Louton*, 691 S.W.2d 603, 604–05 (Tex. 1985). Accordingly, we dismiss IMS's

---

**3.** The District Court did not rule on either Electrolux's application for writ of sequestration or IMS's request for injunctive relief as a result of this hearing.

**4.** This hearing was subsequent to the County Court's judgment of possession granted in favor of Electrolux.

**5.** The trial court made a hand-written notation on the temporary injunction to include the El Paso County Sheriff.

temporary injunctive relief claim against Electrolux and dismiss this appeal.