

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| ABRAHAM WOLF, | | No. 08-13-00350-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | 243rd District Court |
| | § | |
| GARRY STARR and BONNIE STARR, | | of El Paso County, Texas |
| | § | |
| Appellees. | | (TC# 2012DCV05225) |
| | § | |

## **O P I N I O N**

Appellant Abraham Wolf seeks reversal of a temporary injunction granted in favor of Garry and Bonnie Starr. We dismiss for want of jurisdiction.

### BACKGROUND

This suit centers around the title to a motor home belonging to Garry and Bonnie Starr that was purportedly subject to Appellant's mechanic's lien. The Starrs have declined to file a response in this matter. In brief, the Starrs' motor home broke down at a United States Customs and Border Protection checkpoint outside of Sierra Blanca, Texas. Appellant towed the RV from Van Horn to El Paso and stored the vehicle at his lot pending transfer to a mechanic. The parties later had a dispute over payment, apparent damage to the vehicle as a result of towing, and a liability release, and Appellant retained possession of the vehicle over the Starrs' objections.

Subsequently, the Starrs sued Appellant for multiple claims.

The Starrs also sought a temporary injunction to have Appellant return the motor home prior to trial. Following three days of hearings, the trial court granted the temporary injunction signed December 6, 2012, but effective November 19. The injunction froze title and required Appellant to give the vehicle to a third-party for pretrial storage. Over the next year, the trial court held several hearings related to the Starrs' attempts to enforce the injunction and Appellant's requests that the injunction be dissolved. After being held in contempt several times for failure to comply with the court's enforcement orders, and after having the court deny previous attempts to dissolve the injunction, Appellant moved for dissolution of the temporary injunction a final time on October 21, 2013. The trial court ultimately denied that request on October 31. Appellant filed his notice of appeal pertaining to the temporary injunction ruling on November 19, 2013.

During the pendency of this appeal, a merits trial on the Starrs' underlying claims was set for April 25, 2014. Appellant filed for an emergency stay in this Court on April 17, 2014, after the trial court refused to grant a continuance on the merits trial. We denied Appellant's motion for a stay. Trial commenced on April 25, 2014. On April 29, at the close of evidence, the trial court granted the Starrs' directed verdict, finding that Appellant's lien on the motor home was null and void and clearing the cloud on the Starrs' title.

## DISCUSSION

As a threshold matter, we *sua sponte* address our own subject matter jurisdiction. "Appellate courts are prohibited from reviewing an injunction that has become moot." *Electrolux Home Care Prods., Ltd. v. Int'l Mfg. Solutions Corp.*, 247 S.W.3d 239, 241 (Tex.App.--El Paso 2007, no pet.)(op. on reh'g). "A temporary injunction becomes moot when it

2

becomes inoperative due to a change in status of the parties or the passage of time, or because it has expired." *Faddoul, Glasheen & Valles, P.C. v. Oaxaca*, 52 S.W.3d 209, 212 (Tex.App.--El Paso 2001, no pet.). Termination of a suit renders moot any interlocutory appellate challenges to temporary injunction orders issued during the pendency of that suit. *See Gen. Land Office of the State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990)(discussing rule in non-suit context).

As Appellant conceded in his motion for an emergency stay on the eve of trial, "[a] trial of this case will nullify any decision by the appellate court as to the accelerated appeal." Because the trial court has already issued a merits judgment dealing with the issue of title in this case, there is no live case or controversy before us vis-à-vis the temporary injunction dealing with pretrial possession. The injunction dissolved with the issuance of the final merits judgment adjudicating the status of the RV and thereby terminating the case. Seeing no exception to the mootness doctrine that would justify review of Appellant's arguments, we proceed no further.

Issue One is overruled. This appeal is dismissed for want of jurisdiction.


January 9, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

3