ACCEPTED
15-24-00109-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 11:38 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-24-00109-CV

IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS
AT AUSTIN

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/21/2025 11:38:33 AM
CHRISTOPHER A. PRINE
~~Clerk~~

BRANDON HODGES, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS TRUSTEE OF DISTRICT FOR MIDLAND ISD, ET AL.,

*Appellants,*

**vs.**

PECOS-BARSTOW-TOYAH INDEPENDENT SCHOOL DISTRICT, ET AL.,

*Appellees.*

Accelerated Appeal from the 201st Judicial District Court
Travis County, Texas
Cause No. D-1-GN-24-005018

**APPELLANTS' REPLY BRIEF**

**Walker Steven Young**
State Bar No. 24102676
walker.young@solidcounsel.com

**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Facsimile:  (214) 472-2150

**ATTORNEYS FOR APPELLANTS**

# TABLE OF CONTENTS

Table of Contents ........................................................................................................2

Index of Authorities ...................................................................................................3

Appellants' Reply Point .............................................................................................4

    I.        Though likely a moot point, Appellees' arguments for dismissal overlook the unique circumstances of this appeal and Appellants' supporting authority, which demonstrate their standing to pursue this appeal. ......................................................4

Summary of Appellants' Reply .................................................................................5

Argument and Authorities...........................................................................................6

    I.        Though likely a moot point, Appellees' arguments for dismissal overlook the unique circumstances of this appeal and Appellants' supporting authority, which demonstrate their standing to pursue this appeal. ......................................................6

Conclusion and Prayer ...............................................................................................9

Certificate of Compliance .........................................................................................11

Certificate of Service ................................................................................................11

# INDEX OF AUTHORITIES

**Cases**                                                                                                   **Page(s)**

*Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652
    (Tex. 1990).................................................................................................................8

*Morath v. Kingsville Indep. Sch. Dist.*,
    No. 15-24-00007-CV, 2025 WL 996365, --- S.W.3d--- (Tex. App.
    [15th Dist.] no pet. h.)..............................................................................5, 6, 7, 9

*Wolf v. Starr*,
    456 S.W.3d 307 (Tex. App.—El Paso 2015, no pet.) .........................................7

**Statutes and Rules**

TEX. R. APP. P. 9.4.............................................................................................11

TEX. R. APP. P. 9.5 ...........................................................................................11

I.   **Though likely a moot point, Appellees' arguments for dismissal overlook the unique circumstances of this appeal and Appellants' supporting authority, which demonstrate their standing to pursue this appeal.**

## SUMMARY OF APPELLANTS' REPLY

Appellees elect not to defend the trial court's temporary injunction order, and instead argue for the dismissal of this appeal. They claim it is moot and that Appellants lack standing. Appellants believe this prediction is partially correct, but for the wrong reasons. The Court's recent holding in *Morath v. Kingsville Indep. Sch. Dist.*, suggests that similar conclusions may apply to the pending appeal, as the prevailing arguments in that decision apply neatly to the current appeal before the Court involving the Commissioner's nearly identical plea to the jurisdiction. If so, then any defense of the temporary injunction would prove futile.

Not wishing to belabor what is likely a moot point, Appellants will not reiterate the arguments against that temporary injunction. Nor will they address all the arguments raised in Appellees' Brief, as they will likely also prove moot. Instead, out of an abundance of caution, this Reply focuses on Appellants' standing to appeal.

Appellees' arguments fail to negate Appellants' standing because, despite the trial court's subsequent order striking their first amended petition, Appellants were still parties to the litigation when the temporary injunction was issued. And, to the extent relevant, they rejoined the litigation with their second amended petition in intervention, which has not been struck and was filed before their appeal.

Thus, if this appeal is not mooted, Appellants retain standing to pursue it, and the Court should consider it on the merits that Appellees' Brief ignores.

## ARGUMENT AND AUTHORITIES

**I. Though likely a moot point, Appellees' arguments for dismissal overlook the unique circumstances of this appeal and Appellants' supporting authority, which demonstrate their standing to pursue this appeal.**

Instead of defending the merits of their injunction, Appellees only argue that this appeal should be dismissed. One reason offered is that this appeal is moot because the accountability ratings have (allegedly) been released. This is not what Appellees suggest,[1] but it is prescient.

Weeks ago, the Court held that the same accountability ratings for the 2023 school year must be released because the trial court in that cause erred in denying Commissioner of Education Mike Morath's plea to the jurisdiction. *Morath v. Kingsville Indep. Sch. Dist.*, No. 15-24-00007-CV, 2025 WL 996365, at \*1, --- S.W.3d--- (Tex. App. [15th Dist.] no pet. h.). Having reversed and rendered

---

[1] Appellees' Brief references a hyperlink concerning the release of the 2024 "Underlying Accountability Subset Data"; however, the text of that hyperlink belies Appellees' representation that the 2024 ratings have been released. (Appellees' Br. at p. 25) (citing *Tex. Educ. Agency,* 2024 Underlying Accountability Subset Data Available in TEAL (Aug. 14, 2024), https://tea.texas.gov/about-tea/news-and-multimedia/correspondence/taa-letters/2024-underlying-accountability-subset-data-available-in-teal. The pertinent portions of the text of the release referenced in that hyperlink reads as follows:

> Due to a pending lawsuit, the issuance of 2024 A-F ratings and Comprehensive, Targeted and Additional Targeted Support school improvement designations *are pending and subject to change based on judicial rulings*. Authorized school system users in the TEA Login (TEAL) Accountability application *have access to data, reports and downloads that do not include A-F ratings or scale scores*, nor federal school improvement designations.

(Id.) (emphasis added).

6

judgment that the proceedings in that case be dismissed with prejudice and the concurrent temporary injunction be dissolved, the same rationale will likely apply in the pending appeal before the Court, Case No. 15-24-00101, concerning the 2024 accountability ratings, as it concerns the same arguments and grounds. *Id*. at \*7. If so, the Court will likely render the same judgment, which would moot the Parties' appeal, as it only concerns the grounds to dissolve the temporary injunction. *See, e.g., Wolf v. Starr*, 456 S.W.3d 307, 309 (Tex. App.—El Paso 2015, no pet.) ("Termination of a suit renders moot any interlocutory appellate challenges to temporary injunction orders issued during the pendency of that suit.").

Thus, in the interest of judicial economy, this Reply Brief will not address each argument advanced in Appellees' Brief. Nor will Appellants reiterate the grounds for dissolving the temporary injunction that Appellees have declined to address. Instead, Appellants only reply to note how the unique facts of this proceeding provide their standing to appeal the trial court's temporary injunction.

First, the trial court's *sua sponte* order striking Appellants' first amended petition in intervention is irrelevant to Appellants' standing to appeal the temporary injunction. This is because the temporary injunction was issued while Appellants were still parties to the proceeding, as explained in Appellants' Brief. (Appellant's Br. at p. 29-30.) (citing CR391-411.) Notably, Appellees' Brief did not rebut Appellants' authority, demonstrating that an appellant retains the right to appeal a

temporary injunction in such an uncommon procedural posture. (Id.) (citing *Bell v. Craig*, 555 S.W.2d 210, 212 (Tex. App.—Dallas 1977, no writ) ("Since the petition in intervention was filed before the trial court entered its order granting the temporary injunction, it was, absent an order striking the intervention, sufficient to make Bell a party to the temporary injunction proceedings.").

Nor did Appellees' Brief address a related standing argument raised in Appellants' Brief that, although they were not personally enjoined, the temporary injunction prevented Appellants from proceeding with their petition in intervention and thereby gave them standing to appeal. (Id.) (citing *Bell v. Craig*, 555 S.W.2d at 212 (rejecting motion to dismiss appeal for lack of standing because "because one can be bound and, consequently, aggrieved by an injunction, even though not specifically named in the injunction.") Appellants contend that these unaddressed arguments and authority should guide the Court's analysis, if necessary.

Even so, Appellees' Brief does not properly acknowledge the effect of the trial court's dismissal "without prejudice." Since, as Appellees recognize, a petition in intervention can only be struck on the motion of a party, then regardless of whether the trial court abused its discretion in striking Appellants' first amended petition in intervention,[2] Appellants remain parties to this dispute because their

---

[2] As referenced in Appellants' Brief, this was undoubtedly an abuse of discretion. *See* (Appellants' Br. at p. 30, n. 4.) (citing *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 657–58 (Tex. 1990) (holding that "the court [may not] deny a potential litigant the

8

second amended petition has not been struck, nor has any such motion been filed against it. (Appellees' Br. at p. 12-13, n. 2) (citing *Abdullatif v. Erpile, LLC*, 460 S.W.3d 685, 694 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Absent a motion to strike, one who files a petition in intervention generally becomes a party to the suit for all purposes."). Thus, assuming these points of contention are not mooted by the Court's recent decision in *Morath v. Kingsville Indep. Sch. Dist.,* 2025 WL 996365, Appellants still have standing to pursue this appeal.

## CONCLUSION AND PRAYER

Accordingly, if this appeal is not dismissed as moot, Appellants respectfully pray that the Court dissolve the trial court's temporary injunction and grant Appellants any further relief to which they may be entitled.

---

right to intervene if there has been no objection to intervention based on sufficient cause"). But the Court need not resolve this question in addressing this appeal.

Respectfully submitted,


By: *Walker Steven Young*
    **WALKER STEVEN YOUNG**
    State Bar No. 24102676
    walker.young@solidcounsel.com

**SCHEEF & STONE, L.L.P.**
2600 Network Boulevard, Suite 400
Frisco, Texas 75034
Telephone: (214) 472-2100
Facsimile: (214) 472-2150

**ATTORNEYS FOR APPELLANTS**

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that, in accordance with TEX. R. APP. P. 9.4, this document contains 1,175 words as determined by Microsoft Word for Office 365, which is the software used to generate the document. This word count does not include words contained in the sections of the Brief excluded from the word limit by Rule 9.4(i)(1).

*Walker Steven Young*
**WALKER STEVEN YOUNG**

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this document was delivered to all counsel of record pursuant to TEX. R. APP. P. 9.5 as indicated below on April 21, 2025:

**Via Electronic Service**

**David Campbell**
dcampbell@808west.com
**Kevin O'Hanlon**
kohanlon@808west.com
**O'HANLON DEMERATH & CASTILLO**
808 West Avenue
Austin, Texas 78701
(512) 494-9949

*Attorneys for Appellees*

*Walker Steven Young*
**WALKER STEVEN YOUNG**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Walker Young on behalf of Walker Young
Bar No. 24102676
walker.young@solidcounsel.com
Envelope ID: 99877681
Filing Code Description: Response
Filing Description: Appellants' Reply Brief
Status as of 4/21/2025 11:47 AM CST

Associated Case Party: Brandon Hodges, individually and in his official capacity as Trustee of District for Midland ISD

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Byron K.Henry | | byron.henry@solidcounsel.com | 4/21/2025 11:38:33 AM | SENT |
| Melissa Diaz | | melissa.diaz@solidcounsel.com | 4/21/2025 11:38:33 AM | SENT |
| Walker StevenYoung | | walker.young@solidcounsel.com | 4/21/2025 11:38:33 AM | SENT |
| Joseph Baker | | joe.baker@solidcounsel.com | 4/21/2025 11:38:33 AM | SENT |
| Dana Orsini | | dana.orsini@solidcounsel.com | 4/21/2025 11:38:33 AM | SENT |

Associated Case Party: Pecos-Barstow-Toyah Independent School District

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kevin O'Hanlon | 15235500 | kohanlon@808west.com | 4/21/2025 11:38:33 AM | SENT |
| Lea Ohrstrom | | lohrstrom@808west.com | 4/21/2025 11:38:33 AM | SENT |
| David Campbell | | dcampbell@808west.com | 4/21/2025 11:38:33 AM | SENT |
| Edward Smith | | esmith@808west.com | 4/21/2025 11:38:33 AM | SENT |